Justice PLEICONES,
dissenting.
I respectfully dissent. In my opinion, the court of appeals was correct in its holding that there is evidence in the record entitling Niles to a charge on voluntary manslaughter.
If there is any evidence to support a jury charge, the trial judge should grant the request. State v. Shuler, 344 S.C. 604, 632, 545 S.E.2d 805, 819 (2001). “To warrant the court in eliminating the offense of manslaughter it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter.” State v. Wharton, *525 381 S.C. 209, 214, 672 S.E.2d 786, 788 (2009). Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. State v. Smith, 391 S.C. 408, 412-413, 706 S.E.2d 12,14 (2011). The sudden heat of passion needed to justify a voluntary manslaughter charge must be such as would naturally disturb the sway of reason and render the mind of an ordinary person incapable of cool reflection and produce what may be called an uncontrollable impulse to do violence. State v. Cole, 338 S.C. 97, 101-102, 525 S.E.2d 511, 513 (2000).
In this case, a voluntary manslaughter charge should have been given if there were any evidence in the record from which a jury could infer that this killing was the result of sufficient legal provocation which caused Niles to experience an uncontrollable impulse to do violence. In my opinion, there is.
First, as the court of appeals noted, the unprovoked shooting by Salter amounted to evidence sufficient for a jury to infer that there was legal provocation. See State v. Pittman, 373 S.C. 527, 573, 647 S.E.2d 144, 168 (2008) (“This court has previously held than an overt, threatening act or a physical encounter may constitute sufficient legal provocation.”). Second, I agree with the court of appeals that Niles’s testimony that he immediately returned fire out of fear for himself and his fiancee provided evidence from which a jury could find that Niles was acting pursuant to an uncontrollable impulse to do violence. State v. Wiggins, 330 S.C. 538, 549, 500 S.E.2d 489, 495 (1998) (holding that the lower court properly charged the jury on voluntary manslaughter where defendant testified he was in fear of the threat of physical assault). Accordingly, I would affirm the court of appeals because I cannot say there is no evidence whatsoever tending to reduce this crime from murder to manslaughter.
Unlike the majority, I am unable to discern Niles’ intent and state of mind on April 9, 2007, and to resolve numerous factual issues much as a jury might have done. For example, the majority states with certitude that Niles determined “to arrive at the scene armed with a deadly weapon,” thus demonstrating he “clearly planned for the possibility that he might have to discharge his weapon to accomplish the robbery.... ” *526 In light of this premeditated decision, the majority states “there was nothing sudden about Niles’ decision to shoot the victim.” In my opinion, the majority exceeds our scope of review in this law case by resolving disputed issues of fact in order to deny Niles a new trial. E.g., State v. Sams, 410 S.C. 303, 764 S.E.2d 511 (2014).
I would affirm the court of appeals.